IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JAMES HENRY SIMPSON,**

    Petitioner,

v.                                                               Civil Action No. **3:20CV298**

**DIRECTOR, DEPARTMENT OF CORRECTIONS,**

    Respondent.

**MEMORANDUM OPINION**

James Henry Simpson, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 6) challenging his 2018 convictions in the Circuit Court of the City of Richmond, Virginia ("Circuit Court"). In his § 2254 Petition, Simpson argues that he is entitled to relief on the following grounds:[1]

> Claim One:     The Circuit Court violated Simpson's constitutional rights[2] by "adjudicating [his] case without having subject matter jurisdiction." (*Id.* at 16.)

---

[1] In his § 2254 Petition, instead of identifying claims for relief, Simpson indicates that there is "not enough space on this form: (see attached)" for his claims. (*See, e.g.*, ECF No. 6, at 5.) It appears that Simpson stated his eleven claims for relief clearly enough in his attachment.

The Court employs the pagination assigned by the CM/ECF docketing system for citations to the parties' submissions. The Court corrects the capitalization, spacing, and punctuation in quotations from Simpson's submissions.

[2] In nearly all of his claims Simpson repeatedly states that the conduct alleged therein violates his Fifth and Fourteenth constitutional rights to process and equal protection under the law. The Fourteenth Amendment states in pertinent part: "No State shall . . . deprive any person of life, liberty, or property, without due process of law . . . nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. Simpson fails to explain, and the Court fails to discern, how counsel, who was not a state actor, could violate his Fourteenth Amendment rights. Moreover, none of Simpson's claims truly implicate the Equal Protection Clause as he fails to identify a similarly situated defendant who was treated differently by the Circuit Court or the Commonwealth. *See Morrison v. Garraghty*, 239 F.3d 648, 651 (4th Cir. 2001). Additionally, because Simpson challenges actions by state, not federal actors, his due process claims are governed by the Fourteenth Amendment, not the Fifth Amendment. Accordingly, any equal protection and Fifth Amendment due process claim lack merit and will not be discussed.

Claim Two: The Commonwealth violated Simpson's due process rights "by knowingly using Officer Michael Poerstel's false testimony to establish probable cause." (*Id.* at 17–18.)

Claim Three: The (a) Circuit Court and (b) trial counsel "violated [Simpson's] Sixth Amendment constitutional right to have a speedy trial." (*Id.* at 19.)

Claim Four: The Circuit Court and the Court of Appeals of Virginia violated Simpson's "4th Amendment constitutional right to be protected against an illegal search and seizure" and his due process rights "by refusing to apply the law to my motion to suppress." (*Id.* at 20.)

Claim Five: The Circuit Court violated Simpson's right to due process "by allowing [him] to be convicted of possession of heroin with intent to distribute without a certificate of analysis for the 'suspected heroin.'" (*Id.* at 23.)

Claim Six: The Commonwealth violated Simpson's right to due process "by knowingly using false evidence against [him] to have [him] convicted." (*Id.* at 24.)

Claim Seven: The Commonwealth violated Simpson's due process rights "by knowingly using perjured testimony against [him] . . . to have [him] convicted." (*Id.* at 27.)

Claim Eight: The Commonwealth violated Simpson's due process rights "by suppressing exculpatory evidence . . . at [his] jury trial." (*Id.* at 30.)

Claim Nine: Trial counsel rendered ineffective assistance "by suppressing exculpatory and impeachable evidence that existed in [his] case that proved that the Commonwealth never had probable cause to charge [him] with any of the crimes." (*Id.* at 32–33.)

Claim Ten: The Circuit Court violated Simpson's "right to have effective assistance of counsel by forcing [him] to proceed with an attorney whom [he] was at legal conflict with." (*Id.* at 35–36.)

Claim Eleven: The Circuit Court violated Simpson's right "to have counsel by not appointing [him] an attorney and forcing [him] to represent [him]self." (*Id.* at 38.)

Claim Twelve: "Chief Justice of the Supreme Court of Virginia . . . violated [his] . . . right to due process . . . by refusing to recuse himself from presiding over [Simpson's] state habeas corpus." (*Id.* at 40.)

Respondent moves to dismiss on the ground, *inter alia*, that Simpson's claims are either defaulted and barred from review here, are not cognizable on federal habeas review, or lack merit.

Simpson has responded. (ECF No. 14.) For the reasons set forth below, the Motion to Dismiss (ECF No. 10) will be GRANTED, the § 2254 Petition will be DENIED, and the action will be DISMISSED.

## I. PROCEDURAL HISTORY

On February 6, 2017, the grand jury indicted Simpson with possession with intent to distribute heroin, possession of a firearm while possessing with intent to distribute heroin, and possession of a firearm by a convicted felon. *Commonwealth v. Lane*, No. 17-F-0395, -96, -97 (Va. Cir. Ct. Feb. 6, 2017); (Cir. Ct. Record 21; *see id.* at 15, 1347).[3] Upon Simpson's motion, the Circuit Court bifurcated the trial, separating the possession of a firearm by a convicted felon charge from the other two charges. (Cir. Ct. Record 384.)[4] After a jury trial, Simpson was convicted of both possession with intent to distribute heroin and possession of a firearm while possessing with intent to distribute heroin. (*Id.* at 384–85.) The jury also fixed Simpson's punishment at fifteen years of incarceration. (*Id.* at 385.) Prior to sentencing, Simpson filed many *pro se* motions, including a motion to remove his counsel who, at that point, was merely serving as standby counsel for Simpson. (*See id.* at 542.) Simpson also asked the Circuit Court to appoint him new counsel, permit him to change venue, and set aside the verdict, and he wanted the Circuit Court judge to recuse himself. (*See id.*) The Court permitted Simpson to argue on his own behalf, then denied

---

[3] The Circuit Court sent the nearly 1500-page criminal record to the Court in the form of a compact disc. Hereinafter, for ease of reference, the Court employs the continuous pagination assigned by the Circuit Court for the cites to the record ("Cir. Ct. Record"). Similarly, the Court employs the continuous pagination assigned by the Supreme Court of Virginia in its citations to that record ("SCVA Record").

[4] It is unclear what happened with Simpson's felon in possession of a firearm charge. Nevertheless, Simpson does not challenge anything related to that charge here. (*See* ECF No. 1, at 1.)

3

the motions but relieved counsel from continuing to serve as standby counsel. (*Id.*) On February 23, 2018, the Circuit Court imposed the fifteen-year-sentence fixed by the jury. (*Id.* at 542–43).

Simpson appealed. On January 3, 2019, the Court of Appeals of Virginia dismissed in part and denied in part the petition for appeal. (*Id.* at 1267.) On April 3, 2019, a three-judge panel of the Court of Appeals of Virginia again denied the appeal. (*Id.* at 1284.) Simpson did not file any further direct appeal.

On May 6, 2019, Simpson filed a petition for writ of habeas corpus in the Supreme Court of Virginia.[5] In his petition, Simpson raised the following claims for relief:

| | |
|---|---|
| Ground 1 | The Circuit Court violated his constitutional rights "by adjudicating [his] case without subject matter jurisdiction." (SCVA Record 6.) |
| Ground 2 | The Commonwealth violated Simpson's due process rights by "knowingly using the arresting officer's false testimony to establish probable cause." (*Id.* at 11.) |
| Ground 3 | Counsel and the Circuit Court "violated [his] 6th Amendment constitutional right to have a speedy trial." (*Id.* at 13.) |
| Ground 4 | The Circuit Court and Virginia Court of Appeals violated his "right to be protected against an illegal search and seizure" and due process "by refusing to apply the law to the facts of my motion to suppress." (*Id.* at 15.) |
| Ground 5 | The Circuit Court violated his rights "by allowing [him] to be convicted of possession of heroin with the intent to distribute without having a complete certificate of analysis for the suspected heroin." (*Id.* at 18–19.) |
| Ground 6 | The Commonwealth violated his right to due process "by knowingly using false evidence to have [him] convicted." (*Id.* at 21.) |
| Ground 7 | The Commonwealth violated his right to due process "by knowingly using perjured testimony against [him]." (*Id.* at 23.) |

---

[5] While Simpson's habeas petition was pending in the Supreme Court of Virginia, he filed a "Motion to Vacate" that was received in the Circuit Court on May 9, 2019, and two Motions for Judicial Recusal in July 2019. (Cir. Ct. Record 1286.) After ordering a response from the Commonwealth, on December 17, 2019, the Circuit Court determined that "it [was] without jurisdiction to rule on Defendant's aforesaid motions pursuant to Rule 1:1 of the Rules of the Supreme Court of Virginia. Defendant's allegations do not constitute intrinsic fraud for purposes of vacating a conviction." (*Id.* at 1343.) The Circuit Court dismissed the motions. (*Id.*)

| | |
|---|---|
| Ground 8 | The Commonwealth violated his right to due process "by suppressing exculpatory evidence" during his jury trial. (*Id.* at 25.) |
| Ground 9 | Counsel rendered ineffective assistance "by suppressing impeachable and exculpatory evidence at [his] 12-8-16 preliminary hearing." (*Id.* at 26.) |
| Ground 10 | The Circuit Court violated his right to the effective assistance of counsel "by forcing [him] to proceed with an attorney whom [he] was [in] legal conflict with." (*Id.* at 28.) |
| Ground 11 | The Circuit Court violated his right "to have appointed counsel by not providing [him] with counsel at [his] 6-26-17 hearing and forcing [him] to represent [him]self." (*Id.* at 31.) |

On March 20, 2020, the Supreme Court of Virginia refused Simpson's petition for a writ of habeas corpus. Simpson then filed the present § 2254 Petition.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "is rooted in considerations of federal-state comity," and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts

5

of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)). Fair presentation demands that "both the operative facts and the controlling legal principles" must be presented to the state court. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at

735 n.1).⁶ The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of "cause for the default and actual prejudice as a result of the alleged violation of federal law," or a showing that "failure to consider the claims will result in a fundamental miscarriage of justice," this Court cannot review the merits of a defaulted claim. *Coleman*, 501 U.S. at 750; *see Harris v. Reed*, 489 U.S. 255, 262 (1989).

Simpson raised Claims One through Eleven here in his habeas petition before the Supreme Court of Virginia. However, the Supreme Court of Virginia found that Claims Two, Three (a), Four, Five, Six, Seven, Eight, Ten, and Eleven could have been raised in the Supreme Court of Virginia on direct appeal but were not raised because Simpson failed to file a petition for appeal. Therefore, the Supreme Court of Virginia found these claims barred from review by *Slayton v. Parrigan*, 215 Va. 27, 29 (1974). (SCVA 300–05.) *Slayton* constitutes an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997). Thus, Claims Two, Three (a), Four, Five, Six, Seven, Eight, Ten, and Eleven are barred from review here unless Simpson demonstrates cause for the default of his claims. Simpson fails to identify any persuasive reason why these claims may be considered here.⁷ Accordingly,

---

⁶ Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

⁷ At most, Simpson contends he: "did raise these claims on direct appeal (in the Virginia Court of Appeals) and in the trial court. I also presented these claims to the Supreme Court of Virginia via my state habeas." (ECF No. 12, at 4–5.) Simpson argues that because he raised the claims before those two courts, the claims cannot be found defaulted. Simpson is incorrect. Whether he raised the claims in the Court of Appeals of Virginia and then subsequently in his state habeas petition in the Supreme Court of Virginia is irrelevant. As the Supreme Court of Virginia explained, Simpson was required to raise claims of this nature in a *direct appeal* in the Supreme Court of Virginia. Simpson failed to file a petition for appeal in the Supreme Court of Virginia and therefore did not properly exhaust these claims.

Claims Two, Three (a), Four, Five, Six, Seven, Eight, Ten, and Eleven are barred from review and will be DISMISSED.

### III. APPLICABLE CONSTRAINTS UPON HABEAS REVIEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty of 1996 ("AEDPA") further circumscribes this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." *Gray v. Branker*, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S. 362, 410 (2000)).

### IV. CLAIMS NOT COGNIZABLE IN FEDERAL HABEAS

In Claim Twelve, Simpson argues: "Chief Justice of the Supreme Court of Virginia . . . violated my . . . right to due process . . . by refusing to recuse himself from presiding over my state

---

Moreover, Simpson is a particularly litigious inmate and inundated the state courts with *pro se* filings despite being represented by counsel. Simpson alone caused the default of his claims.

8

habeas corpus." (*Id.* at 40.) In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland,* 848 F.2d 492, 493 (4th Cir. 1988) (citing cases). This is so because inmates such as Simpson are detained as a result of the underlying state conviction, not the state collateral proceeding. *See Lawrence v. Branker,* 517 F.3d 700, 717 (4th Cir. 2008). As Simpson fails to raise a challenge to his underlying convictions in Claim Twelve, he fails to state any basis for federal habeas relief.

Moreover, in Claim One, Simpson contends that the Circuit Court violated his constitutional rights by "adjudicating [his] case without having subject matter jurisdiction." (ECF No. 6, at 16.) Although Simpson claims this was a violation of his due process rights and Sixth Amendment right to a fair trial, he truly challenges the Circuit Court's determination of its own jurisdiction on state law grounds. Simpson's claim of alleged lack of subject matter jurisdiction is twofold—he contends that it was error to appoint a Judge Designate to preside over his trial and also contends that the certificate of analysis for the heroin should not have been admitted at trial because it was incomplete. (*Id.* at 16–17.) The trial court's alleged "error[s]" provide no basis for federal habeas corpus relief. *Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991) (citations omitted) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see Sharpe v. Bell,* 593 F.3d 372, 383 (4th Cir. 2010). Because Claim One challenges the state court's determination of state law matters, Claim One fails to state a claim for federal habeas relief. Accordingly, Claim One will be DISMISSED.[8]

---

[8] Additionally, in rejecting this claim the Supreme Court of Virginia explained:

> In a portion of claim (1), petitioner contends the trial court lacked subject matter to adjudicate the charges against him. Petitioner alleges Judge Designate

9

## V. INEFFECTIVE ASSISTANCE OF COUNSEL

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient and, second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective

---

> Thomas B. Hoover was improperly appointed to preside over his case after all the judges of the Circuit Court of City of Richmond recused themselves. Petitioner asserts the designation was improper because each of the judges did not sign a recusal order and the circuit court clerk did not certify the signed order to the Chief Justice of this Court. Petitioner argues these purported defects violated Code § 17.1–105(B) and deprived the court of subject matter jurisdiction.
> The Court holds this portion of claim (1) is without merit. The requirements of Code § 17.1–105(B) do not constrain the circuit court's subject matter jurisdiction and may be waived. *Porter v. Commonwealth*, 276 Va. 203, 231–37 (2008); *see also* Code § 17.1–513 (circuit courts possess subject matter jurisdiction over felony indictments).
> In another portion of claim (1), petitioner contends the trial court lacked subject matter jurisdiction to adjudicate the charge of possession of heroin with intent to distribute because the certificate of analysis pertaining to the heroin, although admitted into evidence at trial, was "incomplete: and the analyst who prepared the certificate of appealability did not testify.
> The Court holds this portion of claim (1) is without merit. The Circuit court possessed subject matter jurisdiction over the charge, *id.*, and any issue with respect to the certificate of analysis was a matter for the trier of fact to weigh.

(SCVA Record 299–300.) To the extent that Simpson raises some allegation of constitutional dimension in Claim One, the Court fails to discern an unreasonable application of law or unreasonable determination of fact in the Supreme Court of Virginia's rejection of this claim.

assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697. As discussed in greater length below, the record establishes that any perceived error derives not from ineffective assistance of counsel, but from Simpson's own actions during his criminal proceedings.

In Claim Three (b), Simpson argues that trial counsel "violated [Simpson's] Sixth Amendment constitutional right to have a speedy trial." (ECF No. 6, at 19.) Simpson raised this claim in his habeas petition before the Supreme Court of Virginia. In rejecting this claim, the Supreme Court of Virginia explained as follows:

> In a portion of claim (3), petitioner contends he was denied the effective assistance of counsel because counsel obtained a continuance during a hearing held on April 12, 2017, despite withdrawing earlier in the same hearing. Petitioner argues counsel lacked authority to move for a continuance after withdrawing, counsel sought the continuance "for no legitimate reason," and the continuance thwarted petitioner's constitutional right to a speedy trial under *Barker v. Wingo*, 407 U.S. 514 (1972).
> The Court holds this portion of claim (3) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record, including the arrest warrants, the trial court's orders of March 15, 2017, April 25, 2017, and June 26, 2017, and the transcripts of the hearings held on April 10, 2017, and April 12, 2017, demonstrates petitioner was arrested in November 30, 2016, and Abigail Paules was appointed as his counsel. On March 15, 2017, the circuit court granted a defense motion for new counsel, relieved Paules, and appointed Melvin Todd. At a hearing held on April 10, 2017, petitioner told the court he did not trust Todd. The Court denied Todd's motion to withdraw and continued the matter for a jury trial on April 12, 2017.
> On April 12, 2017, the originally scheduled trial date, the court heard Todd's second motion to withdraw, which Todd premised on petitioner's recent filing of a complaint against him with the Virginia State Bar. The court denied the motion to withdraw, holding the filing of the bar complaint did not create an actual conflict of interest requiring Todd to withdraw. However, the court stated it would continue the case to give Todd time to respond to the bar complaint and enable the court to evaluate its substance. The order memorializing these rulings, entered on April 25, 2017, states the continuance was granted on Todd's motion. Thereafter, by order dated June 28, 2017, the court granted petitioner's motion to represent himself pro se and ordered Todd to act as standby counsel. Petitioner was tried by a jury on September 29, 201[7], with Todd serving as standby counsel.
> Therefore, although Todd moved to withdraw at the hearing held on April 12, 2017, the court denied the motion and Todd remained counsel of record at that

11

> time. Whether to proceed with trial on that date, despite petitioner's dissatisfaction with Todd, or to seek a continuance to develop more facts on the nature of the conflict was a matter left to counsel's discretion. *See Stockton v. Commonwealth*, 227 Va. 124, 141 (1984) ("The orderly administration of justice requires that tactical matters, such as continuances, be left with counsel."). Moreover, petitioner fails to demonstrate the reasonable probability of a different outcome had Todd not obtained a continuance on April 12, 2017. Although the continuance caused a delay in the trial, petitioner does not explain how the delay prejudiced his defense. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(SCVA Record 300–01.) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts by the Supreme Court of Virginia in the dismissal of Claim Three (b). *See* 28 U.S.C. § 2254(d)(1)–(2).

Simpson contends that counsel "requested a continuance for no legitimate reason." (ECF No. 6, at 20.) The record establishes that nothing could be further from accurate. After Simpson filed a bar complaint against his second appointed counsel, it was eminently reasonable for counsel to move to withdraw from representing Simpson instead of going forward with trial. When the Circuit Court denied the motion, it was also eminently reasonable for counsel to obtain a continuance of the trial, instead of going forward with the trial that day. Simpson, not counsel, caused the delay in Simpson's trial by filing a bar complaint against counsel, which the Circuit Court determined should be investigated before proceeding to trial. Thus, Simpson fails to demonstrate any deficiency in counsel's performance or how any delay in trial prejudiced his defense. Accordingly, Claim Three (b) lacks merit and will be DISMISSED.

In Claim Nine, Simpson contends that trial counsel rendered ineffective assistance "by suppressing exculpatory and impeachable evidence that existed in [his] case that proved that the Commonwealth never had probable cause to charge [Simpson] what any of the crimes." (ECF No. 6, at 32–33.) In rejecting this claim, the Supreme Court of Virginia explained:

> [P]etitioner contends he was denied the effective assistance of counsel at the preliminary hearing because Paules did not inform the judge that petitioner had denied knowledge or possession of the heroin recovered from the rooming house and told Officer Poerstel he did not know what it was in the kitchen. Had Paules provided this exculpatory information, petitioner argues, the judge would not have made a finding of probable cause and certified the charges.
>     The Court holds this portion of claim (9) satisfies neither the "performance" nor the "prejudice" prong of the two-part test enunciated in *Strickland*. Petitioner fails to articulate in what manner counsel should have informed the court petitioner denied knowledge and possession of the heroin. Although the defendant is entitled to present evidence at a preliminary hearing, Code § 19.2–183(B), petitioner does not state he wished to testify at the preliminary hearing and does not proffer any other evidence counsel could have presented to demonstrate petitioner disclaimed knowledge of the heroin. Moreover, even had Paules offered evidence at the preliminary hearing to show petitioner had disclaimed possession or knowledge of the heroin, and even had the general district court then found a lack of probable cause, the Commonwealth could have directly indicted petitioner before the grand jury. *See Herrington v. Commonwealth*, 291 Va. 181, 185 (2016) ("[T]he Commonwealth may obtain an indictment from the grand jury charging an offense for which the district court has previously found no probable cause.") Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

(SCVA 302–03.) The Court discerns no unreasonable application of the law and no unreasonable determination of the facts by the Supreme Court of Virginia in the dismissal of Claim Nine. *See* 28 U.S.C. § 2254(d)(1)–(2). Given that the resolution of Simpson's claim of ineffective assistance of counsel is highly dependent on Virginia law, Simpson fails to demonstrate any prejudice. *Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012) ("When a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law, . . . a federal court should be especially deferential to a state post-conviction court's interpretation of its own state's law.").

    Simpson faults counsel for "refus[ing] to inform the judge" that he "denied all involvement in possessing the 'suspected heroin,'" and that he "told the police [he] wasn't sure who the 'suspected heroin' belonged to." (ECF No. 6, at 33.) The Court fails to discern, and Simpson fails to explain, how the introduction of his self-serving statements that he knew nothing about the

13

heroin would have had any impact on the finding of probable cause during the preliminary hearing. Simpson's statements denying any knowledge of the heroin, standing alone, are not evidence, much less exculpatory evidence. Simpson could have testified to this fact at the hearing, and the district court could have weighed it in its determination of probable cause, but Simpson did not testify, and does not state that he wanted to testify. Counsel cannot be faulted for failing to introduce Simpson's self-serving statements that he had no knowledge of the heroin, and Simpson demonstrates no resulting prejudice. Accordingly, Claim Nine lacks merit and will be DISMISSED.

## VI. CONCLUSION

For the foregoing reasons, Respondent's Motion to Dismiss (ECF No. 9) will be GRANTED. Simpson's claims will be DISMISSED, and his § 2254 Petition (ECF No. 6) will be DENIED.[9] The action will be DISMISSED. A certificate of appealability will be DENIED.[10]

An appropriate Final Order shall issue.

---

[9] Simpson also filed a "Notice of My Objection" in which he complains that the state court transcripts are forged and requests this Court to inspect them. (ECF No. 14.) Simpson provides no evidence for this frivolous assertion. Moreover, this Court was not required to provide Simpson notice of the date of its receipt of the state court trial transcripts. Accordingly, to the extent that Simpson is permitted to object to the transcripts that objection will be OVERRULED and his request to inspect the transcripts will be DENIED. No further action will be taken on this submission.

[10] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Simpson fails to meet this standard.

/s/
John A. Gibney, Jr.
United States District Judge

Date: 13 January 2021
Richmond, Virginia